Learned, P. J.
The first, question presented is a motion by the defendant to stay proceedings until the hearing of an appeal from the order made at a special term held by Mr. Justice Ingalls, which denied the motion for a change of the place of trial. See ante, p. 577.
The ground of that motion was that the cause of action was local under section 983 of the Code Civ. Pro., subds. 1 and 2. I have examined the opinion óf Mr. Justice Ingalls, and it seems to me correct. This action is what was formerly known as an action in the. nature of quo warranto. It is brought under section 1948. If judgment should be rendered for the people it would be a judgment of ouster and exclusion from office. Section 1956. I think such a judgment is not a forfeiture under section 983, subd. 1. Nor is the fine, which, according to section 1956, may be imposed, a penalty under section 983, subd. 1. It will be seen that this last section speaks of a penalty or forfeiture *719 imposed by statute, and the words following indicate that they are imposed for an offense. These words do not apply to this case. The second subdivision is equally inapplicable. That speaks of an act done by virtue of an office or a duty omitted incident to an office. The present action is brought for the ouster and exclusion from office, on the ground that defendant has no right thereto.
That the defendant cannot have the place of trial changed on the ground of residence under section 984 is settled. People v. Cook, 6 How. Pr., 448.
I think there is no reason why a stay should be granted. No harm will arise from the refusal to grant a stay, even if the order should be reversed.
The demurrer to the complaint sets up:
First. That causes of action have been improperly united.
Second. That the first alleged cause of action does not state facts sufficient to constitute a cause of action.
Third. ■ The same as to the second alleged cause.
On the argument, the second and third grounds were waived by counsel, and the first only was argued. The sufficiency of the two alleged causes of action being admitted, so far as this argument goes, I have therefore to consider only the alleged misjoinder.
The writ of quo warranto was in the nature of a writ of right for the king to inquire by what authority the defendant supported his claim to an office of which he was in possession. As a speedier proceeding, there was introduced an information, in the nature of such a writ, filed by the attorney-general in the king’s bench, 3 Black. Com., 262. The same practice was adopted in this state as early as 1788, and was incorporated in the Revised Statutes, 2 R. S. Sup., 581, § 28, et sea. And it has been substantially followed in the Code Civ. Pro., § 1948. Although under the Code the proceeding is an action instead of an information, still it remains the same in character. People ex rel. Judson v. Thacher, 55 N. Y., 525.
It is an action which calls upon the defendant to show by what authority he exercises an office which he is alleged to usurp. It then becomes the defendants duty to answer, and to show his authority, or else to deny that he is exercising the office.
It will be seen that, unless the people also aver in the complaint, as they may do, that some other person (called the relator) is entitled to the office held by the defendant, it is necessary to set forth in the complaint the grounds of the defect in the defendant’s claim to the office. It is enough to aver that he unlawfully exercises the office and to call upon him to set up and show his title if he has any.
*720 Burrill’s Prac. Appendix, No. 1045; People v. Utica Ins. Co., 15 Johns., 357, at page 362. See the very full note to People v. Richardson, 4 Cow., 97, at page 106, et seq. At page 113 it is shown that the defendant, in his plea, must set up his title, unless he disclaims using the office. It cannot be necessary to cite authorities any further. The very theory of the action has always been that the people call upon the defendant to show by what authority he acts. And this theory still continues, although the Code has substituted an action for the old .proceeding by information. This is on the ground that the people are not required to show by a statement of facts that the defendant has no title to his office; but that they may call upon him to show his right. Every man who exercises an office must be ready to show his authority, whenever the people, in the appointed manner, demand to know it. They are not required to allege the facts which show that he has no title. He, on the contrary, must allege the facts which give him his right to the office. And this must be so; because there may be a case of usurpation of office where the defendant has not even a color of title.
This view has, in some cases, been overlooked; and complaints in actions of this character under the Codes, have set forth the alleged imperfections of the defendant’s title. That has been done in the present case. The complaint not only alleges the defendant’s intrusion into the unlawful exercise of the office, but it alleges the fact on which the people rely to show that defendant’s alleged title is defective. And it may be that, by these allegations, the people would be limited, when the case should come to trial. Perhaps, too, they would be bound by these allegations, if the question were raised on this argument as to the sufficiency of the complaint. But the view above stated as to the nature of this action is decisive on the question of misjoinder. Code, § 484. There is but one cause of action here. And that is an action to know by what right the defendant exercises the right of quarantine commissioner, which the people say he usurps and unlawfully exercises. The only question is: did he lawfully hold that office when this action was commenced ? Whatever facts tended to show that he did, or did not, lawfully hold that office at that time, those facts bear on that one cause of action.
I am aware that the complaint is expressed as if there were two causes of action. But I deem it impossible to make two causes of action out of a litigation over the single question whether the defendant lawfully held that office at the commencement of the action.
There might be a dozen reasons why he was not the lawful holder of the office; he might never have been ap *721 pointed; he might be an alien; he might have resigned. Still there would be only one cause of action. That cause of action would be that he was exercising an office to which he had no right.
There is nothing in the language of section 1948 of the Code, which requires these allegations showing the defendant’s alleged title and its defectiveness. The language is the same with that used in the Revised Statutes above-cited. See, also, 1 Rev. Laws, 108, § 4.
Even if my views as ; )ove-expressed, in regard to the proper mode of pleading in hese cases were not correct, yet the question of misjoinder raised by defendant must be disposed of in the same way. In whatever form the complaint may have been drawn, it is only a complaint to oust the defendant from an office to which he is alleged to have no right.
And if the parties prefer to call these allegations two causes of action, certainly the causes are not inconsistent. Code, § 484, subd. 9, and last paragraph. There is no inconsistency between the allegation that the defendant lives in Owego, and the allegation that he took the oath of office before a notary. Each allegation, if true, shows as admitted for the purposes of this argument, that he did not lawfully hold the office when the action was commenced.
If the complaint had simply alleged defendant’s unlawful intrusion and had called on the defendant to show his authority; the defendant would then have set up Ms nomination and confirmation; and under section 516 he might undoubtedly have called on the plaintiff to reply.. The plaintiff would then have set up the non-residence and the failure to take the oath
Then it would have appeared distinctly that there was only one cause of action, and that the allegations over which this demurrer has arisen, were really the replies of the people to the defendant’s claim of title. That these allegations have been (as I think, unnecessarily), set up in complaint, does not change the real aspect of the case. The affirmative right of action does not depend on these allegations, but on the allegation that the defendant is exercising the office of quarantine commissioner and doing so unlawfully. And it would not be a good answer for the defendant merely to aver that he does not usurp the office, because the charge is that he show his authority. People v. Richardson, ut supra, page 118. And he must set that up distinctly in his answer.
The cases, therefore cited by the counsel for the defendant of the joinder in one action of inconsistent claims have, in my judgment, no application to the present case. *722 If this action were brought to oust the defendant from two distinct offices, then there would be a joinder of two actions.. Whether a misjoinder I need not inquire.
I am of the opinion then, that notwithstanding the language of the complaint, there is really hut one cause of action; and further, that if the complaint should be construed as containing two causes of action, they are not inconsistent. As no question has been made as to the sufficiency of the complaint, it follows therefore that the demurrer should be overruled.
It is urged by the people that no leave to answer over should be given. It is claimed that the defendant is holding over, and has been doing so for a long time; and also that the fact of non-residence is undoubted.
It is quite unusual not to grant leave to answer over, unless the demurrer be frivolous.
It appears by the affidavits used on the motion, to change the place of trial (and which are handed to me to consider upon this matter of leave to answer over), that the defendant claims that, while he has a domicil in Owego, his residence is in New York. The question of what residence may mean in the statute under consideration maybe doubtful. Whether or not it is consistent with a domicil elsewhere is a point which I cannot decide upon this demurrer. How far this question may be affected by the defendant’s custom in voting is another point of importance. Questions of residence and of domicil are known to be often perplexing. I should not think it just in a matter of so great consequence to deprive the defendant of the opportunity to litigate the question of fact if he should choose to withdraw his demurrer and put in an answer.
The result is:
First. Motion for stay of proceedings denied, with ten dollars costs.
Second. Demurrer to complaint overruled and judgment ordered for plaintiff, with costs; unless however the defendant, within ten days after the service of a copy of this order, withdraw his demurrer, pay the costs and serve an answer; which he is hereby allowed to do in that time and on those terms.